IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for GULFSOUTH PRIVATE BANK, etc.<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAM L. AMOS and INNOVATION TREND SETTERS OF AMERICA, LLC, etc.<br><br>    Defendants.<br><br>and<br><br>WILLIAM L. AMOS,<br><br>    Counter-Plaintiff/Third-Party Plaintiff,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, As Receiver for GULFSOUTH PRIVATE BANK, etc.<br><br>    Counter-Defendant,<br><br>and<br><br>RODERIC M. WRIGHT and JOSEPH STORY,<br><br>    Third-Party Defendants. | Civil Action No.:  3:12-cv-00548 |

**RODERIC WRIGHT'S MOTION TO QUASH and/or MOTION FOR PROTECTIVE ORDER REGARDING AMOS'S SUBPOENA TO USAA MASTERCARD**

    Third-party Defendant and Counter-Plaintiff, Roderic M. Wright moves this Court to quash or modify the subpoena issued by Third-Party Plaintiff William Amos ("Amos") and/or enter protective orders. Counsel for the parties have met and conferred, but have not been able

to resolve their dispute regarding the propriety of this subpoena. As grounds for his motion, Wright states as follows:

Amos has issued a subpoena seeking to obtain, from nonparty USAA Federal Savings Bank, "all credit card charges made on any Mastercard credit card owned by or in the name of Roderic Wright or Roderic M. Wright from 1/1/2008 to present. The return date for the subpoena is April 28, 2014.

Mr. Wright moves this court to quash this subpoena under Federal Rule of Civil Procedure 45(d)(3) on the ground that the subpoena seeks Mr. Wright's financial information, in which he has a protected interest, and that those records have no relevance to this action. Mr. Wright further seeks a protective order from this court under Federal Rule of Civil Procedure 26 on the ground the information requested is irrelevant.

A court must quash or modify a subpoena if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies," and the court may quash or modify a subpoena if it requires disclosure of certain confidential information. Rule 45(c)(3)(A) (iii) & (B)(i), Fed.R.Civ.P. Further, the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Rule 26(c)(1), Fed.R.Civ.P.

A party has standing to move to quash a nonparty subpoena where that subpoena seeks information or documents in which the party has "a personal right or privilege." *Nathai v. Florida Detroit Diesel-Allison, Inc.*, 2009 WL 2424570, No. 3:09–CV–1–J–20HTS (M.D. Fla, Aug. 5, 2009) (citing *Subair Sys., LLC v. Precisionaire Sys., Inc.*, No. 08–60570–CIV, 2008 WL 1914876, at *2 (S.D.Fla. Apr. 26, 2008); *Maxwell v. Health Ctr. of Lake City, Inc.*, No. 3:05–CV–1056–J–32MCR, 2006 WL 1627020, at *2 (M.D. Fla. June 6, 2006)). Furthermore, a party

may "move for a protective order if the subpoenal[ ] seek[s] irrelevant information." *Auto–Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D.Fla.2005).

Mr. Wright's financial records are protected under Florida law. "[T]he law in the state of Florida recognizes an individual's legitimate expectation of privacy in financial institution records." *Winfield v. Division of Pari–Mutuel Wagering, Dept. of Business Regulation*, 477 So.2d 544, 548 (Fla.1985). As the Florida Supreme Court has stated, "[c]early, 'the disclosure of personal financial information may cause irreparable harm to a person forced to disclose it, in a case in which the information is not relevant.'" *Friedman v. Heart Institute of Port St. Lucie, Inc.*, 863 So.2d 189, 194 (Fla.2003) (quoting *Straub v. Matte*, 805 So.2d 99, 100 (Fla. 4th DCA 2002)). As such, "the general rule in Florida is that personal financial information is ordinarily discoverable only in aid of execution after judgment has been entered," and is only otherwise discoverable where the specific materials sought are "relevant to the subject matter of the pending action." *Friedman*, 863 So.2d at 194. *See also NetJets Aviation Inc. v. Peter Sleiman Development Group LLC,* 2011 WL 6752540, No. 3:10–cv–483–J–32MCR (M.D. Fla, Dec. 22, 2011) (financial information could be obtained by subpoena where information was relevant to the alter-ego status of the account holder and the party).

The scope of discovery is governed by Rule 26, which allows "discovery regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." Fed.R.Civ.P. 26(b)(1). The scope of discovery is not without limits. *Oppenheimer Fund v. Sanders,* 437 U.S. 340, 351-52 (1978) (citing *Hickman v. Taylor,* 329 U.S. 495, 501 (1947)). "Discovery of matter 'not reasonably calculated to lead to discovery of admissible evidence' is not within the scope of Rule 26(b)(1)." *Id.* at 352. Discovery requests that are otherwise reasonable may also be limited for the following reasons:

>   (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had the opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, and the importance of the proposed discovery in resolving issues.

Fed.R.Civ.P. 26(b)(2).

See also *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 430 (M.D. Fla. 2005) (granting motion for protective order where subpoena sought overly broad financial information not limited in scope to relevant subject matter).

Amos seeks over six years of credit card statements from Mr. Wright's family's USAA Mastercard account. The subpoena is neither limited in scope nor narrow in time period. The credit card at issue was used by Mr. Wright, his wife and his family members for a large range of expenditures, primarily personal in nature. The Wright family's credit card expenditures have no relevance whatsoever to this action, which is, at its heart, a breach of contract action focused on a few specific agreements during a narrow time period. The subpoena sought by Amos is grossly overbroad, seeks irrelevant information, and seeks information protected from disclosure under Florida law. Accordingly, Mr. Wright asks this Court to quash the subpoena, or in the alternative modify the subpoena to be limited to documents which have some conceivable relevance to the present action. Furthermore, in the unlikely event that the Court finds that any of the Wright family's credit card charges are properly discoverable and permits Amos to subpoena any portion of the Wright family's financial records, Mr. Wright asks that the Court enter a Protective Order which limits the financial records to *in camera* review until relevancy is established, and thereafter orders that any financial information which is deemed relevant and discoverable be treated as highly confidential.

**CERTIFICATE OF SERVICE**

I do hereby certify that on this 21st day of April, 2014, a true and correct copy of the foregoing has been served via the CM/ECF Electronic Filing System, which will give notice of such filing to the following:

J. Robert Hughes
jhughes@barronredding.com

J. Nixon Daniel, Jr.
jnd@beggslane.com

Robert O. Beasley
rob@lawpensacola.com

Jeffrey S. Carter

jcarter@barronredding.com

Michael W. Mead
mike@meadlawfirm.com

/s/ Peter Mougey
Peter Mougey


/s/ Sidney W. Jackson, III
Sidney W. Jackson, III