UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**FEDERAL DEPOSIT INSURANCE CORPORATION, as RECEIVER FOR GULFSOUTH PRIVATE BANK,**

    Plaintiff/Counter Defendant,

v.                                                    Case No. 3:12cv548-MCR/EMT

**WILLIAM L. AMOS, and INNOVATION TREND SETTERS OF AMERICA LLC,**

    Defendants.
_____

**WILLIAM L. AMOS,**

    Counter Plaintiff/Third-Party Plaintiff,

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, as RECEIVER FOR GULFSOUTH PRIVATE BANK,**

    Counter Defendant,

and **RODERIC M. WRIGHT,**

    Third-Party Defendant.
_____

**RODERIC WRIGHT and BARBARA WRIGHT; ZTF FAMILY, LP; AMT, LLC; and STEPHEN BUNYARD as MANAGING PARTNER of ZTF FAMILY, LP AND AMT, LLC,**

    Counter Plaintiffs/ Third-Party Plaintiffs,

v.

**WILLIAM L. AMOS,**

    **Counter Defendant/Third-Party Defendant.**
_____/

# ORDER

    The Court previously granted in part and denied in part dispositive motions in this case, and the case is ready for trial. As to the claims of Plaintiff Federal Deposit Insurance Corporation as Receiver for GulfSouth Private Bank ("FDIC-R") on two notes and a guaranty, the Court initially denied summary judgment as to liability but granted summary judgment in FDIC-R's favor on the affirmative defenses and counterclaim raised by Defendant William L. Amos ("Amos"), which were based on fraud. In a subsequent Order, dated July 20, 2015, after the FDIC-R had submitted the original notes, the Court amended the summary judgment ruling to grant summary judgment as to liability. Thus, as to the FDIC-R's claims in this suit, the only remaining issue for trial is proof of amounts due on the notes and guaranty. The Court therefore found it appropriate to sever the FDIC-R's claims from the remaining fraud claims between Counter Plaintiff Amos and Counter Defendant Roderick Wright for trial.[1] The Court determined, however, that there would be no prejudice and judicial economy would be best served by using the same jury for both trials. The Court proposed a procedure whereby one jury would be selected. The jury would first hear and determine the amounts due on the FDIC-R claims and then immediately proceed to hear evidence and determine the remaining fraud claims between Amos and Wright. The parties were given an opportunity to object to this procedure. Defendants Amos and Innovative Trend Setters of America, LLC (collectively "Amos") object (doc. 360) and FDIC-R has filed a reply (doc. 363).

    Amos objects on grounds that the amount due on the notes and guaranty are interwoven with the fraud claims such that it would be impossible for the jury to determine

---

[1] The Court also determined that Defendant Amos has waived his right to a jury trial on the guaranty but that there was no jury trial waiver in the notes.

*Case No: 3:12cv548/MCR/EMT*

one issue without considering the others, and his objection is accompanied by over 500 pages of exhibits. The Court finds no merit to the objection. Amos overlooks the fact that this Court has already granted judgment as to liability in favor of the FDIC-R and determined that the affirmative defenses and counterclaim based on fraud or Wright's lack of corporate authority are not viable claims against the FDIC-R.  The Court invited only objections regarding the procedure of trying the case with one jury, not re-argument of issues previously determined or a submission of exhibits.  Amos's objection, which ignores the Court's prior rulings and submits evidence in an attempt to argue that evidence of fraudulent inducement or Wright's lack of corporate authority might impact the amount due on the notes and guaranty, is improper and without merit.  No good cause has been shown to alter the procedure of trying this case with one jury.

Accordingly, the jury trial will proceed in a bifurcated manner but one jury will be selected to try all of the claims.  The jury will first hear evidence on, and determine, the amounts due on the notes.  The jury will then separately hear evidence on, and determine, the remaining claims of fraud.  The trial will be scheduled by separate order.

**DONE AND ORDERED** this 6th day of August, 2015.

*M. Casey Rodgers*
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
**M. CASEY RODGERS
CHIEF UNITED STATES DISTRICT JUDGE**