UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**FEDERAL DEPOSIT INSURANCE CORPORATION, as RECEIVER FOR GULFSOUTH PRIVATE BANK,**

 Plaintiff/Counter Defendant,

v.           Case No. 3:12cv548-MCR/EMT

**WILLIAM L. AMOS, and INNOVATION TREND SETTERS OF AMERICA LLC,**

 Defendants.
_____/

**WILLIAM L. AMOS,**

 Counter Plaintiff/Third-Party Plaintiff,

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, as RECEIVER FOR GULFSOUTH PRIVATE BANK,**

 Counter Defendant,

and **RODERIC M. WRIGHT,**

 Third-Party Defendant.
_____

**RODERIC WRIGHT and BARBARA WRIGHT;
ZTF FAMILY, LP; AMT, LLC; and STEPHEN
BUNYARD as MANAGING PARTNER of
ZTF FAMILY, LP AND AMT, LLC,**

    **Counter Plaintiffs/ Third-Party Plaintiffs,**

v.

**WILLIAM L. AMOS,**

    **Counter Defendant/Third-Party Defendant.**
_____/

## ORDER

Pending is William L. Amos's Motion for Reconsideration, ECF No. 466, of the Court's Order granting Roderic Wright's Motion in Limine, ECF No. 399 (objecting on hearsay grounds to Amos's testimony of what an FBI agent told him). Amos argues that the limited nature of Special Agent Van Pelt's testimony due to privilege, which the Court found was not relevant, *see* Order, ECF No. 462, does not require the exclusion of *Amos's* testimony, which he maintains is admissible for its effect on the listener as previously ruled but vacated, *see* Order ECF No. 447.  On further consideration, the Court agrees in part.  The Court agrees with Amos that Special Agent Van Pelt's *Touhy*-limited testimony does not mean that his conversations with Amos did not occur as Amos describes them and thus does not

necessarily preclude Amos from referencing what the FBI told him.  Even so, the Court has renewed concerns over whether Amos's statement that an FBI agent told him Wright was engaged in fraud is in fact offered solely for its effect on the listener or whether, instead, it is offered for the truth of the matter asserted.  This concern, in addition to the Rule 403 hurdle that remains, requires further consideration.

Accordingly, the Motion to Reconsider, ECF No. 466, is **GRANTED in part**, and the Court will hear the parties arguments on this matter at the attorney conference on the first day of trial, if time permits, or prior to the actual proffer of any such testimony.

**DONE AND ORDERED** this 6th day of February, 2016.

*M. Casey Rodgers*
**M. CASEY RODGERS
CHIEF UNITED STATES DISTRICT JUDGE**