# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**FEDERAL DEPOSIT INSURANCE
CORPORATION, as RECEIVER FOR
GULFSOUTH PRIVATE BANK,**

    **Plaintiff/Counter Defendant,**

**v.**                   **Case No. 3:12cv548-MCR/EMT**

**WILLIAM L. AMOS, and
INNOVATION TREND SETTERS OF
AMERICA LLC,**

    **Defendants.**
_____/

**WILLIAM L. AMOS,**

    **Counter Plaintiff/Third-Party Plaintiff,**

**v.**

**FEDERAL DEPOSIT INSURANCE
CORPORATION, as RECEIVER FOR
GULFSOUTH PRIVATE BANK,**

    **Counter Defendant,**

**and RODERIC M. WRIGHT,**

    **Third-Party Defendant.**
_____

**RODERIC WRIGHT and BARBARA WRIGHT;**
**ZTF FAMILY, LP; AMT, LLC; and STEPHEN**
**BUNYARD as MANAGING PARTNER of**
**ZTF FAMILY, LP AND AMT, LLC,**

      **Counter Plaintiffs/ Third-Party Plaintiffs,**

**v.**

**WILLIAM L. AMOS,**

      **Counter Defendant/Third-Party Defendant.**
_____/

## ORDER

The parties have responded to the Court's Order requesting confirmation of depositions to be used at trial and the objections requiring a ruling before trial. William L. Amos responded with a list of deposition designations to be used at trial but no objections; the FDIC-R and Roderic Wright, et al. did not identify any depositions to be used at trial but listed their objections to Amos's designations, which are in need of a ruling from the Court.  Having fully reviewed the matter, the Court rules as follows:

      1.    The FDIC-R objects to Amos's designation of *new* excerpts designated from the deposition of Lawrence McCrief and also objects to this deposition as a whole, and its accompanying exhibits, on relevance grounds.  The objections are

**SUSTAINED in part** and **DEFERRED in part**.  The Court did not authorize any new designations, and therefore, any excerpts that were not timely disclosed in the pretrial stipulation will be excluded.  As to relevance, although the Court tends to agree that the deposition is not relevant in light of the FDIC-R's representations, the Court will **DEFER** ruling until the FDIC-R has presented its case and Amos has had an opportunity to address the argument with the Court.

2.     Roderic Wright, et al., object to new designations by Amos.  However, many of these objections are also based on a lack of completeness, which Amos represents the new designations are attempting to resolve by incorporating cross-designations, addressing Wright's completeness objections, and providing clarity. The Court rules that any excerpt designations that are in fact new, that is, not timely designated previously, and that are not directly responsive to Wright's express completeness objections will be excluded as untimely.

3.     Wright incorporated all prior line objections to deposition designations that he listed in the pretrial stipulation. Below are the Court's rulings identified as Wright numbered them in the pretrial stipulation.  Any objections to depositions that were not confirmed for use at trial (such as that of Joseph Story and Jamie Patterson), as instructed by the Court, are omitted from this ruling and considered moot.

Accordingly:

Steve Bunyard Deposition March 17, 2014
1.      DEFER (regarding the then-current status of AMT)
2.      OVERRULED
3.      DEFER  (regarding capacity to sue)

Rod Wright Deposition April 3, 2014
1.      SUSTAINED
2.      SUSTAINED
3.      SUSTAINED
4.      SUSTAINED
5.      SUSTAINED
6.      SUSTAINED
7.      [This excerpt was deleted-objection MOOT]
8.      SUSTAINED
9.      SUSTAINED
10.     SUSTAINED
11.     SUSTAINED
12.     SUSTAINED as to Completeness; OVERRULED as to relevance
13.     SUSTAINED
14.     SUSTAINED
15.     SUSTAINED
16.     SUSTAINED

Steve Bunyard Deposition November 20, 2008
        DEFER

Rod Wright Deposition June 24, 2009
        DEFER

Christopher Campbell
        DEFER
        Because Amos represents that Christopher Campbell has been
subpoenaed for trial, the deposition excerpt objections will be ruled on later if
he does not appear live at trial and his deposition is admitted.

Case No. 3:12cv548-MCR/EMT

<u>Tony Atkins</u>

      Wright objects to any inflammatory references to Mr. Wright as a "crook." Consistent with the Court's prior ruling, Order ECF No. 446, the objection is SUSTAINED.

1.      SUSTAINED
2.      SUSTAINED
3.      OVERRULED
4.      OVERRULED
5.      DEFER (regarding Wright's financial file at GulfSouth Bank)
6.      SUSTAINED
7.      SUSTAINED
8.      SUSTAINED
9.      SUSTAINED
10.     SUSTAINED

<u>Blair Mielke</u>

      OVERRULED.

      A review of the Court's docket reflects that Amos had great difficulty serving Wright, that his uncle was processing papers for him and made a limited appearance for him, that Wright had been served by publication, and that his uncle had received notice of the deposition. The Court finds Wright had sufficient notice. *See Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1506 (11th Cir. 1985) (stating that a party's strategic choice not to cross examine during a discovery deposition does not preclude his adversary's use of it at a subsequent proceeding).

21.     DEFER

      Because pages 5 through 14 of Mielke's deposition are not included in the filed deposition excerpts, *see* ECF No. 414, the Court must defer ruling on the objections to testimony on those pages (shown here as objections # 21 - 28).

22.     DEFER
23.     DEFER
24.     DEFER
25.     DEFER
26.     DEFER

27.    DEFER
28.    DEFER
29.    SUSTAINED
30.    SUSTAINED
31.    SUSTAINED
32.    SUSTAINED
33.    SUSTAINED

4.     The parties are directed to confer prior to introducing any deposition

excerpt and ensure that the deposition excerpts are redacted consistent with all *timely*

designations and the Court's rulings set forth above.

5.     The pending Motion to Strike, ECF No. 442, has been resolved by

agreement and withdrawn, therefore it is **MOOT**.

**DONE AND ORDERED** this 7th day of February, 2016.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**