IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FEDERAL DEPOSIT INSURANCE CORPORATION,
as Receiver for GULFSOUTH PRIVATE BANK,
    Plaintiff,

vs.                                                      Case No.: 3:12cv548/MCR/EMT

WILLIAM L. AMOS and INNOVATION
TREND SETTERS OF AMERICA, LLC, et al.,
    Defendants.
_____/

## PRELIMINARY REPORT AND RECOMMENDATION

       This cause is before the court upon on several post-judgment matters including writs of garnishment, motions to dissolve such writs, answers thereto, and related claims of exemption and filings, all of which were referred to the undersigned for further proceedings and the preparation of a Report and Recommendation (*see* ECF No. 578).[1]

       On August 4, 2016, the undersigned held a status conference to discuss the pending motions, during which the parties briefed the court as to the progression of this litigation, stated their position as to the pending matters, and identified potential

---

[1] Additional matters have arisen since the referral of the above-noted matters, which are presently under advisement by the undersigned (*see, e.g.*, ECF Nos. 600, 612).

areas that required factual development. During the conference, the parties advised that a preliminary ruling on an outstanding matter would be of great benefit. The undersigned agrees and therefore issues the instant preliminary Report and Recommendation to address that limited matter, as well as an additional matter identified by the court.

Background

On March 18, 2016, the Federal Deposit Insurance Corporation, as Receiver for GulfSouth Private Bank ("FDIC-R"), filed a notice indicating that on the same day it had sent via first class U.S. Mail to Robert O. Beasley, Attorney for William L. Amos, documents related to a writ of garnishment served upon UBS Bank USA, Inc. ("UBS Bank") (ECF No. 522).[2] The writ of garnishment put Mr. Amos on notice that wages, money, and other property belonging to him would be garnished to pay a court judgment against him in this case but that he may be able to keep or recover his wages pursuant to various exemptions, including an exception referred to as "head of family wages" (also referred to as a "head of household" or "head of household wages" exemption).

---

[2] FDIC-R filed multiple, similar notices related to writs of garnishments served upon other entities, and affecting William Amos, including UBS Financial Services, Inc. (ECF No. 523), UBS Asset Management (Americas), Inc. (ECF No. 524), and American Family Life Assurance Company of Columbus ("AFLAC"), Amos' employer (ECF Nos. 525, 526).

On March 22, 2016, a two-page document titled "Claim of Exemption and Request for Hearing" was filed in this case (ECF No. 529). Page one of the document is a check-off form, upon which the following selection was made, "I claim exemption[] from garnishment under the following categor[y] as checked: 1. Head of family wages. . . . . I provide more than one-half of the support for a child or other dependant, have net earnings of more than $750 per week, but have not agreed in writing to have my wages garnished." (*id*. at 1). Page two of the document contains William Amos' signature, and an indication that his statements were sworn to before a notary in the state of Georgia (*id*. at 2). There is no indication anywhere on the document as to which of the multiple writs of garnishment this exemption is intended to apply, nor does Attorney Beasley's name appear anywhere on the document (*see id*. at 1–2).

Next, on March 25, 2016, FDIC-R filed a Verified Answer to Amos' Claim of Exemption (ECF No. 530). FDIC-R argued that Amos expressly consented to garnishment of his earnings by the plain language of the Continuing Guaranty signed by Amos and attached to the Verified Answer. On April 14, 2016, after a review of the relevant documents and filings, the district court issued an order and noted therein as follows:

> In light of this consent, the Court is inclined to find that no hearing is necessary and deny the exemption on the express consent contained within the Continuing Guaranty.  Defendant Amos has fourteen (14) days to respond and show cause why the exemption should not be denied on grounds of the written guaranty, and if a hearing is necessary, the matter will be referred to the assigned Magistrate Judge for a hearing.

(ECF No. 549 at 2–3).  In the same order, the district court specifically directed Defendant William L. Amos to "notify the Court within fourteen (14) days if a hearing is necessary on the claimed exemption in light of the express language of the Continuing Guaranty granting consent to garnish his earnings" (*id*. at 4).

Fourteen days elapsed, and Amos filed nothing regarding the matter of the exemption.  On May 3, 2016, after the fourteen-day deadline had passed, Amos filed a Motion to Dissolve Writs of Garnishment, in which he seeks to dissolve the writs served upon UBS Bank and UBS Financial Services, Inc., in part on the ground that the accounts are exempt because he is "the head of household, see Claim of Exemption Doc [529], and earnings directly traceable to wages are exempt from garnishment" (ECF No. 571 at 1–2).  Notably, in this motion Amos does not even address—much less show cause—why the exemption should not be denied on grounds of the written guaranty (*see* ECF No. 571).[3]  Amos then submitted additional

---

[3] Additionally, other than cross-referencing the two-page document filed at ECF No. 529, Amos does not request a hearing or otherwise advise the court that a hearing is necessary on the claimed exemption (*see* ECF No. 571).

Case No.: 3:12cv548/MCR/EMT

filings in which he claims the same exemption, including a motion to dissolve the writ of garnishment served upon Columbus Bank and Trust (ECF No. 574, filed May 9, 2016), and a memorandum in support of the motion to dissolve the writs served upon the two UBS institutions (ECF No. 584, filed May 25, 2016). As with the motion filed on May 3, Amos does not address the written guaranty issue in the motion filed on May 9 (or specifically request a hearing on the claimed exemption), but he finally addresses the guaranty issue in the memorandum filed on May 25, 2016.

Discussion

In its order of April 14, 2016, the district court noted it was inclined to deny the head of household exemption in light of the express consent contained within the Continuing Guaranty. Nevertheless, in an apparent abundance of caution, the court provided an opportunity for Amos to show cause why the exemption should not be denied on grounds of the written guaranty and to request a hearing on the matter. But in no uncertain terms the court directed Amos to do both <u>within fourteen (14) days,</u> or on or before April 28, 2016.[4]

---

[4] The provisions of Fed. R. Civ. P. 6(d) are inapplicable, as they concern additional time (i.e., 3 days) after certain kinds of service. Here, the time frame set forth in the district court's order does not turn on service, and in any event the addition of three days does not render Amos' later filings timely.

As previously noted, Amos filed nothing regarding the head of household exemption until May 3, 2016, and even then he failed to show cause why the exemption should not be denied on the basis of the written guaranty and did not specifically request a hearing on the exemption.  He similarly failed to address the guaranty matter in his motion to dissolve the Columbus Bank and Trust writ, filed May 9, 2016.  Although Amos finally addressed the guaranty matter in the memorandum he filed on May 25, 2016, this filing was well beyond the fourteen-day deadline set by the district court—indeed, it was filed nearly a month beyond the deadline.

What is more, the tardy memorandum is deficient in two important respects.  First, though it is styled as a memorandum in support of the motion to dissolve the writs of garnishment served upon UBS Bank and UBS Financial Services, Inc., it was filed <u>after</u> FDIC-R filed a response in opposition to the motion to dissolve those writs, and thus it is in actuality a reply—and an unauthorized one at that, as it was filed without first obtaining leave of court.[5]  *See* N.D. Fla. Loc. R. 7.1(I) (providing, in pertinent part, that "[a] party ordinarily may not file a reply memorandum in support

---

[5] The motion to dissolve the UBS writs is at ECF NO. 571 (filed May 3, 2016); FDIC-R's response in opposition thereto is at ECF No. 577 (filed May 16, 2016); and Amos' memorandum in support of the motion to dissolve the UBS writs is at ECF No. 584 (filed May 25, 2016).

of a [non-summary judgment] motion" but that "in extraordinary circumstances, the Court may grant leave to file a reply memorandum in support of a[] motion"; however, "a party must obtain leave before tendering the reply").  Second, the local rules of this court require that "[a] party who files a written motion must file a supporting memorandum in the same document with, <u>or at the same time as</u>, the motion." N.D. Fla. Loc. R. 7.1(E) (emphasis added). The memorandum at issue here, filed twenty-two days after the motion it supports was filed, clearly fails to comply with the express terms of Rule 7.1(E).

In light of the foregoing, it is the recommendation of the undersigned that the district court find that Amos waived his right to have a hearing on the matter of the "head of household exemption" by failing to timely file a notice requesting such and that he failed to timely show cause why the exemption should not be denied on grounds of the written guaranty.  It is additionally recommended, considering the inclination of the district court in the first instance to find that Amos expressly consented to a garnishment of his earnings as well as Amos' failure to timely show cause why the exemption should not be denied, that the district court find that Amos expressly consented to a garnishment of his earnings by the plain language of the Continuing Guaranty signed by him and attached to the Verified Answer submitted

Case No.: 3:12cv548/MCR/EMT

by FDIC-R (ECF No. 530). These preliminary findings are well supported by the record and will, in turn, resolve some of the issues embedded in the pending motions that await resolution and are under advisement by the undersigned. They will also resolve issues surrounding the AFLAC garnishments and ongoing deposits of funds into the court's registry.[6]

Finally, it is also recommended that Amos' memorandum in support of the motion to dissolve the writs of garnishment served upon UBS Bank and UBS Financial Services, Inc. (ECF No. 584) be stricken from the record, as filed in violation of the local rules of this court.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The district court make the following findings:

 (a) William L. Amos waived his right to have a hearing on the matter of the "head of household exemption" by failing to timely file a notice requesting such and by failing to timely show cause why the exemption should not be denied on grounds of the written guaranty (*see* ECF Nos. 529, 530, 549).

---

[6] During the status conference held August 4, 2016, FDIC-R's counsel advised that AFLAC is paying money into this court's registry only because of the head of household exemption raised by Amos. Counsel noted that, if the exemption is deemed waived (or invalid), the money can be disbursed to FDIC-R and this court will no longer have to keep AFLAC's deposits in its registry (Amos did not file a motion to dissolve the writ of garnishment as to AFLAC, so the only issue with respect to it concerns the potential exemption raised by Amos).

Case No.: 3:12cv548/MCR/EMT

  (b) William L. Amos expressly consented to a garnishment of his earnings by the plain language of the Continuing Guaranty signed by Amos and attached to the Verified Answer submitted by FDIC-R (ECF No. 530).

  2. The memorandum in support of the motion to dissolve the writs of garnishment served upon UBS Bank and UBS Financial Services, Inc. (ECF No. 584), filed by William L. Amos, be **STRICKEN** from the record, as filed in violation of Local Rules 7.1(E) and 7.1(I) of the United States District Court for the Northern District of Florida.

  At Pensacola, Florida, this 21st day of September 2016.

         /s/ *Elizabeth M. Timothy*
         **ELIZABETH M. TIMOTHY**
         **CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**