UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver for
GULFSOUTH PRIVATE BANK,**
       Plaintiff,

vs.                                                    Case No.: 3:12cv548/MCR/EMT

**WILLIAM L. AMOS and INNOVATION
TREND SETTERS OF AMERICA, LLC, et al.,**
       Defendants.
_____/

## O R D E R

This cause is before the Court on the Chief Magistrate Judge's Second Report and Recommendation dated January 10, 2017 (ECF No. 671). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). The Court has made a *de novo* determination of the timely filed objections. ECF Nos. 673, 674, 675. Having considered the Report and Recommendation, the timely filed objections and responses to objections, ECF No. 679, 680, the Court finds that the Report and Recommendation should be adopted, in part, as follows.

The Court finds that the objection filed by Columbus Bank & Trust is well founded and due to be **SUSTAINED**. The Motion to Dissolve Writ of Garnishment (ECF No. 574) is moot, for reasons stated in the objection (ECF No. 673), a matter of which the Chief Magistrate Judge was evidently unaware.

No objection was filed as to the AFLAC continuing writ.

The Court **SUSTAINS** the objection of William L. Amos as to the UBS writs. Although Amos's objection that the UBS writs automatically dissolved in September 2016 is untimely because it was raised for the first time in response to the Magistrate Judge's Second Report and Recommendation filed in January 2017, the Court cannot enter judgment on writs which dissolved by operation of law. A writ of garnishment is a statutory creature, and the garnishment statute must be strictly construed. *See Akerman Senterfitt & Eidson, P.A. v. Value Seafood, Inc.*, 121 So. 3d 83, 86 (Fla. 3d DCA 2013). Pursuant to the statute, a writ of garnishment automatically dissolves if a motion for final judgment is not filed within six months after filing the writ of garnishment. Fla. Stat. § 77.07(5). No motion for final judgment was filed until October 24, 2016, over six months after the UBS writs were filed.[1] The Plaintiff has the right to extend the writ for an additional six months by serving the Garnishee and

---

[1] Although the FDIC-R added a request for final judgment in two separate responses filed within the six month period, a response is not a motion under this Court's rules. *See* N.D. Fla. Loc. R. 7.1.

the Defendant a notice of extension and filing it in the underlying proceeding, *id.*, but no such notice was filed in this case.  Therefore, the Second Report and Recommendation is **MOOT** as to the UBS writs, which dissolved by operation of law, despite the fact that the Chief Magistrate Judge was not given an opportunity to consider the issue.

Accordingly, it is now **ORDERED** as follows:

1. Part I and Part II. A. of the Chief Magistrate Judge's Second Report and Recommendation, ECF No. 671, are **ADOPTED** and incorporated by reference in this Order.  Parts II. B. and II C. of the Chief Magistrate Judge's Second Report and Recommendation are **MOOT**.

2. The Motion for Entry of Final Judgment of Garnishment Against Garnishee, American Family Life Insurance Company of Columbus ("AFLAC"), filed by Federal Deposit Insurance Corporation, as Receiver for GulfSouth Private Bank ("FDIC-R") (ECF No. 655) is **GRANTED**, and the following relief is awarded:

    (a) The Clerk is directed to enter a Final Judgment of Garnishment in favor of the FDIC-R and against AFLAC;

    (b) The total amount of funds deposited by AFLAC and currently held in this Court's registry as of this date is $30,882.18 (with interest of $44.72, which continues to accrue) shall be disbursed to the Federal Deposit Insurance Corporation,

as Receiver for GulfSouth Private Bank, and delivered to Theodore R. Howell, c/o Barron & Redding, P.A., 220 McKenzie Avenue, Panama City, FL 32401;

(c) AFLAC is required to pay over to the FDIC-R the total amount of funds it has withheld from Amos's earnings (which totaled $33,892.26 as of October 24, 2016, the date the FDIC-R filed the instant motion) plus amounts withheld since that date;

(d) All future payments by AFLAC pursuant to the continuing writ of garnishment shall be made payable to the Federal Deposit Insurance Corporation, as Receiver for GulfSouth Private Bank, and delivered to Theodore R. Howell, c/o Barron & Redding, P.A., 220 McKenzie Avenue, Panama City, FL 32401, until the judgments against William L. Amos is satisfied; and

(e) AFLAC's monthly payments totaling $25,000 to its Market Director Deferred Compensation Plan shall be included in the garnishment calculation and resulting payments.

3. William L. Amos's "Motion to Dissolve Writs of Garnishment" as to UBS Financial Services Inc. and UBS Bank USA, Inc. (ECF No. 571) is **MOOT**. The Clerk is directed to terminate the motion at ECF 571.

4. The FDIC-R's "Motion for Entry of Final Judgment of Garnishment Against Garnishee, UBS Financial Services Inc. and UBS Bank USA, Inc." (ECF No. 656) is **DENIED** without prejudice.

5. William L. Amos' "Motion to Dissolve Writ of Garnishment Columbus Bank & Trust [("CB&T")]" (ECF No. 574) is **MOOT**.  The Clerk is directed to terminate the motion at ECF No. 574.

6. The Motion to Intervene filed by the William Lafayette Amos III Trust Dated 10/22/2015 and William L. Amos, III Trust Dated 12/12/2012 (ECF No. 676) is **MOOT**.  The Clerk is directed to terminate the motion at ECF No. 676.

**DONE AND ORDERED** this 28th day of February, 2017.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**