IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FEDERAL DEPOSIT INSURANCE CORPORATION,
as Receiver for GULFSOUTH PRIVATE BANK,
     Plaintiff,

vs.                              Case No.: 3:12cv548/MCR/EMT

WILLIAM L. AMOS and INNOVATION
TREND SETTERS OF AMERICA, LLC, et al.,
     Defendants.
_____/

## THIRD REPORT AND RECOMMENDATION

This cause is before the court upon a motion for entry of a final judgment of garnishment, as well as other filings that are related to writs of garnishment served upon UBS Bank USA, Inc., and UBS Financial Services, Inc., by the Federal Deposit Insurance Corporation, as receiver for GulfSouth Private Bank (hereinafter, the FDIC) (*see* ECF No. 699 (motion for entry of final judgment); ECF Nos. 686, 688–689, 691–694, 696 (related filings and an additional motion)).  For the reasons that follow, the undersigned recommends that a final judgment of garnishment be entered as to one of the UBS bank accounts at this time—while another, more complex motion as to the two other UBS bank accounts and whether they should be garnished (ECF No. 696) remains under advisement by the undersigned—as there is no reason to delay entry of judgment as to the UBS account at issue in the instant motion.

I.    BACKGROUND[1]

On or about February 28, 2017, the FDIC served writs of garnishment ("WOGs") on the two UBS financial institutions identified above, as part of its effort to collect from Defendant William L. Amos, III, all or part of an approximate three-million dollar judgment in this action (*see* ECF No. 686).  Notice of each WOG was provided to Amos and his counsel, Robert O. Beasley, on March 2, 2017 (*see* ECF No. 688, 689).  These notices advised Amos, in pertinent part, of his right to claim that his UBS deposits are exempt from garnishment; the notices included "Claim of Exemption" forms which set forth the most common types of available exemptions; and the notices advised Amos that he should file the exemption form(s) within twenty days after the date he received the notices if he wished to claim any exemptions (*id.*).  The FDIC attached to the notices copies of ex parte motions it had filed to garnish the UBS accounts (*id.*).

On March 17, 2017, the UBS institutions filed answers to the WOGs (ECF Nos. 691, 692).  The answer filed by UBS Financial Services, Inc. ("UBS FS") identified three accounts for which it was indebted to Amos:  (1) Account No. DS-XXX25, a

---

[1] The court is not including a detailed background section in this Report, as the lengthy and somewhat complicated background and procedural history of this case is set out in prior Orders and Reports (*see, e.g.*, ECF Nos. 580, 634, 671) and need not be repeated here.

"resource management account (RMA)/collateral account," held by Amos individually, with an account balance of approximately $357,000 in "cash, money balances, and equities" as of March 15, 2017; (2) Account No. DS-XXX95, a RMA/Trust account held by Amos as Trustee for the William Lafayette Amos, III Trust dated October 22, 2015, with an account balance of approximately $15,000 in "cash and money balances" as of March 15, 2017; and (3) Account No. DS-XXX93, a RMA/Trust account held by William L. Amos, III, as Trustee for a trust identified as "Trust U/A" dated December 12, 2012, with an account balance of approximately $3,000,000 in "cash, money balances, and equities " as of March 15, 2017 (ECF No. 691).  The answer filed by UBS Bank USA, Inc. ("UBS Bank") identified the same three accounts identified by UBS FS, noting that it was indebted to Amos in the form of those accounts but stating that the accounts are maintained by UBS FS (ECF No. 692).  Each answer additionally stated that the identified accounts had been restricted as a result of the WOGs (*see* ECF Nos. 691, 692).  Also on March 17, 2017, the FDIC served upon Amos and Attorney Beasley copies of the UBS answers, as well as notices regarding Amos' right to move to dissolve the WOGs (ECF Nos. 693, 694). In pertinent part, the notices advised Amos that he must move to dissolve the WOGs

within twenty days from the date of service of the notices if any of the allegations in the FDIC's motions to garnish the accounts were untrue (*id*.).

On March 22, 2017, Amos, as trustee for the two <u>trust accounts</u> identified by the UBS institutions in their answers—through different counsel (Darryl Steve Traylor, Jr.)—filed a motion to dissolve the WOGs only as to those two trust accounts (*see* ECF No. 696).[2]  Amos has not filed a motion to dissolve the WOG nor claimed any exemption relating to the third account, the non-trust UBS account (No. DS-XXX25), since he was notified on March 2, 2017, of the WOG and potential exemptions, nor since the UBS financial institutions filed their answers on March 17, 2017, which answers put Amos on notice that this third account had also been garnished/restricted.  The FDIC has now moved for entry of a final judgment of garnishment regarding this account (ECF No. 699, filed April 7, 2017).  Amos has not filed a response in opposition to the FDIC's instant motion, and the fourteen-day deadline for doing so has long since passed.  *See* N.D. Fla. Loc. R. 7.1(E).

II.    DISCUSSION

---

[2] The motion to dissolve the WOGs as to the two trust accounts (ECF No. 696) is the motion that the court is taking under advisement, as mentioned *supra*.  Also under advisement is the FDIC's request for a trial on the matters raised by Amos in the motion to dissolve (*see* ECF Nos. 698, 699).

Amos does not dispute, and the information before the court demonstrates, that no timely exemption or motion to dissolve the writ has been filed by Amos regarding the WOG served upon UBS FS and UBS Bank on or about February 28, 2017, as to Account No. DS-XXX25, the RMA/collateral account held by Amos individually. Amos has therefore forfeited his right to claim an exemption or file a motion to dissolve that writ.

Likewise, no response—timely or otherwise—to the FDIC's motion for entry of final judgment of garnishment regarding this account, filed April 7, 2017, has been filed by Amos or anyone acting on his behalf.  Thus, the motion is due to be granted solely on this basis, if for no other reason.  *See* N.D. Fla. Loc. R. 7.1(E), (H) (noting that a response in opposition to a motion is due fourteen days after service of the motion and that if no timely response is filed the court may grant the motion by default).

Accordingly, it is respectfully **RECOMMENDED** that:

The "Motion for Entry of Final Judgment of Garnishment Against Garnishee, UBS Financial Services Inc. and UBS Bank USA, Inc.," filed by the Federal Deposit Insurance Corporation, as Receiver for GulfSouth Private Bank (ECF No. 699), be **GRANTED** to the following extent:

1.      A Final Judgment of Garnishment be entered in favor of Federal Deposit Insurance Corporation, as receiver for GulfSouth Private Bank, and against UBS Financial Services, Inc., and UBS Bank USA, Inc., as to Account No. DS-XXX25, a resource management account/collateral account, held by William L. Amos, III, individually, with an account balance of $357,234.26, in cash, money balances, and equities as of March 15, 2017; and

2.      The cash, money balances, and equities in this account be disbursed to the Federal Deposit Insurance Corporation, as receiver for GulfSouth Private Bank, and delivered to Theodore R. Howell, c/o Barron & Redding, P.A., 220 McKenzie Avenue, Panama City, FL 32401.

At Pensacola, Florida, this 29th day of June 2017.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

Case No.: 3:12cv548/MCR/EMT

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**